**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **C'PRIEN CHRISTOPHER NICHOLAS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 19-13247** |
| **SHERIFF DANIEL EDWARDS, ET AL.** | **SECTION: "I"(1)** |

**REPORT AND RECOMMENDATION**

Plaintiff, C'Prien Christopher Nicholas, a federal prisoner incarcerated in Florida, filed this civil action against Tangipahoa Parish Sheriff Daniel Edwards, Captain Green, Lieutenant Schirra Finn, and Lieutenant Richard Shelton pursuant to 42 U.S.C. § 1983. In the complaint, plaintiff claimed that he was subjected to unconstitutional conditions of confinement in 2017 while incarcerated at the Tangipahoa Parish Jail in Amite, Louisiana. For the following reasons, the undersigned recommends that this case be dismissed with prejudice because the limitations period was not tolled by the filing of an administrative grievance concerning the claims asserted herein, and because plaintiff has identified no other reason that tolling would apply. Thus, his claims were prescribed at the time the complaint was filed.

**I. Defendants' Motion**

The defendants filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.[1] In that motion, the defendants argued that plaintiff's claims were prescribed because his lawsuit was not filed within the applicable statute of limitations and, further, that his allegations, even if true, failed to state a constitutional violation. Plaintiff filed a response opposing that motion.[2]

---

[1] Rec. Doc. 12.
[2] Rec. Doc. 14.

The Court then ordered the defendants to file a reply to the plaintiff's response addressing one of the arguments he made therein, i.e. that the statute of limitations was tolled while his administrative grievances were pending. The defendants filed a reply addressing that argument, attached a copy of the facility's grievance procedure, and raised an additional defense, namely that plaintiff's complaint was also subject to dismissal because he failed to exhaust his administrative remedies as required by 42 U.S.C. § 1997e(a).[3]

Because the defendants presented matters outside of the complaint for consideration, the Court converted their motion to dismiss to one for summary judgment, see Fed. R. Civ. P. 12(d), ordered the defendants to supplement their motion to include copies of plaintiff's grievance records by March 26, 2020, and also ordered plaintiff to file a response addressing the new defense and the converted and supplemented motion by April 20, 2020.[4] The defendants filed the supplemented motion as ordered.[5] However, to date, plaintiff has filed no response thereto.

**II. Standards of Review**

Motions for summary judgment are governed by Rule 56 of the Federal Rules of Civil Procedure. In reviewing such a motion, the Court may grant the motion when no genuine issue of material fact exists and the mover is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). There is no "genuine issue" when the record taken as a whole could not lead a rational trier of fact to find for the nonmovant. Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

"Procedurally, the party moving for summary judgment bears the initial burden of informing the district court of the basis for its motion, and identifying those portions of the record

---

[3] Rec. Doc. 22.
[4] Rec. Doc. 24.
[5] Rec. Doc. 25.

which it believes demonstrate the absence of a genuine issue of material fact." Taita Chemical Co., Ltd. v. Westlake Styrene Corp., 246 F.3d 377, 385 (5th Cir. 2001) (quotation marks and brackets omitted). The party opposing summary judgment must then "go beyond the pleadings and by [his] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986) (internal quotation marks omitted); accord Provident Life and Accident Ins. Co. v. Goel, 274 F.3d 984, 991 (5th Cir. 2001). The Court has no duty to search the record for evidence to support a party's opposition to summary judgment; rather, "[t]he party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which the evidence supports his or her claim." Ragas v. Tennessee Gas Pipeline Co., 136 F.3d 455, 458 (5th Cir. 1998). Conclusory statements, speculation, and unsubstantiated assertions are not competent summary judgment evidence and will not suffice to defeat a properly supported motion for summary judgment. Id.; Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1429 (5th Cir. 1996).

## I. Plaintiff's Allegations

In his complaint, plaintiff alleged:

On November 15, 2017, while plaintiff was housed as a federal pretrial detainee at the Tangipahoa Parish Jail, inmates set a fire in Dorm B-3 to protest the food being served at the jail. In response, Captain Green, the facility's acting warden, ordered that plaintiff and twelve other inmates be shackled to the dorm's tables and in the stairwells. At one point, "plaintiff moved his cuffs from behind his back to the front to be more comfortable," and the other twelve inmates thereafter followed suit. Having observed plaintiff move his handcuffs, Lieutenant Finn contacted

Sheriff Edwards. The inmates were then further restrained with belly chains, black boxes,[6] and leg cuffs. The inmates remained shackled for a total of forty-six hours.

During that time, the inmates were denied access to a bathroom, and plaintiff soiled himself as a result. In addition, the restraints caused plaintiff to suffer "severe injury, cuts, gashing and bruising," "vomiting-puking, dehydration," and "blood flow restriction." Plaintiff was also denied medical care for those conditions during that forty-six-hour period.

After the inmates were released from the restraints, the jail telephones were turned off in the dorm, and the inmates were restricted in their ability to contact attorneys, family members, the courts, and civil rights organizations. As a result, plaintiff was unable to contact his defense attorney for two weeks.

As noted, one of the defenses asserted by the defendants is that plaintiff failed to exhaust his administrative remedies with respect to the claims asserted in this lawsuit. If they are correct, then dismissal is required.

The Prison Litigation Reform Act of 1995 ("PLRA"), as amended, provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Federal courts take a strict approach to that requirement. For example, the United States Supreme Court held that the exhaustion requirement is "mandatory," Porter v. Nussle, 534 U.S. 516, 524 (2002), and "applies to all inmate suits about prison life, whether they involve general circumstances or

---

[6] Plaintiff is apparently referring to a type of handcuff cover commonly used to restrain prisoners. See, e.g., Knox v. McGinnis, 998 F.2d 1405, 1407 (7th Cir. 1993) ("The 'black box' is a hard plastic box placed over the lock apparatus that runs between the prisoner's handcuffs. The box does not cover the hands, but is situated between them. A chain runs through the box and encircles the prisoner's waist. The chain is tightened and then locked in back so that the prisoner's hands, restrained by handcuffs and the black box, are pulled against his stomach." (footnote omitted)).

particular episodes, and whether they allege excessive force or some other wrong," id. at 532. The Supreme Court further held that "an inmate must exhaust irrespective of the forms of relief sought and offered through administrative avenues." Booth v. Churner, 532 U.S. 731, 741 n.6 (2001). The United States Fifth Circuit Court of Appeals therefore concluded that "[q]uibbles about the nature of a prisoner's complaint, the type of remedy sought, and the sufficiency or breadth of prison grievance procedures were laid to rest in Booth." Wright v. Hollingsworth, 260 F.3d 357, 358 (5th Cir. 2001).

In the instant case, plaintiff's claims arose from an incident which occurred at the Tangipahoa Parish Jail in November of 2017. In their motion, the defendants noted that the Tangipahoa Parish Jail has a grievance procedure, and they submitted a copy of the policy outlining that procedure, as well as an affidavit from Sherry R. Brown summarizing the procedure. In that affidavit, Brown declared under penalty of perjury:

1. My name is Sherry R. Brown, and I am a Louisiana resident over the age of 18 years.

2. I am an employee of the Tangipahoa Parish Sheriff.

3. I am the Assistant Warden at the Tangipahoa Parish Jail (hereinafter "TPJ").

4. I am a keeper of records for the TPJ.

5. I have access to the records of the TPJ in the form in which they are originally made and maintained.

6. I am familiar with the allegations made by the plaintiff in the above-captioned lawsuit and have reviewed the relevant records.

7. The TPJ has a two-step administrative remedy procedure (hereinafter "ARP") that is explained to all inmates at the facility.

8. The TPJ ARP is memorialized in the TPJ Policy and Procedure V1-B-002, a copy of which is attached hereto as Exhibit "A-1."

9. The first step of the ARP is for the inmate to file a grievance within 30 days of the date of the incident(s) complained of.

10. A response to the step-one grievance is issued by designated facility staff within 10 days.

11. If dissatisfied with the step-one response, the inmate may proceed with a step-two appeal that is to be responded to by the Jail Administrator within 20 days.

12. ARP grievances are maintained by the facility in the facility's file of the inmate filing the grievance.

13. Attached hereto as Exhibit "A-2" are the ARP grievances found in C'Prien Nicholas's TPJ inmate file.

14. TPJ records indicate that C'Prien Nicholas has never filed a step-two appeal of any ARP grievance.[7]

The grievance records attached to Brown's affidavit confirmed the foregoing statements. Those records showed that plaintiff filed only one grievance at the Tangipahoa Parish Jail in 2017. That grievance concerned merely the quality of the food being served at the jail,[8] *not* the treatment of the plaintiff and the other inmates after they set the fire.

Therefore, although plaintiff's allegations concerning his purported treatment at the jail following the inmates' protest are deeply troubling, this Court's hands are tied. The United States Fifth Circuit Court of Appeals has emphatically held that a federal court is not permitted to excuse the exhaustion requirement:

> [T]here can be no doubt that pre-filing exhaustion of prison grievance processes is *mandatory*. … *District courts have no discretion to excuse a prisoner's failure to properly exhaust the prison grievance process before filing their complaint.* It is irrelevant whether exhaustion is achieved during the federal proceeding. Pre-filing exhaustion is mandatory, *and the case must be dismissed if available administrative remedies were not exhausted.*

Gonzalez v. Seal, 702 F.3d 785, 788 (5th Cir. 2012) (emphasis added; footnote omitted).

[7] Rec. Doc. 25-1.
[8] Rec. Doc. 25-3, pp. 1-2.

Based on the defendants' evidence (which plaintiff has failed to rebut, despite being given the opportunity to do so), the Court finds that plaintiff has not met his burden to demonstrate that a genuine issue of material fact exists regarding the exhaustion issue.[9]

The Court further notes that it is now impossible for plaintiff to ever exhaust his administrative remedies with respect to the claims in this lawsuit, because his period for doing so has expired.[10] Accordingly, so long as he remains incarcerated, § 1997e(a) precludes him from asserting his claims in a § 1983 action. However, it is at least *possible* that plaintiff might be released from incarceration, and, if so, he would no longer be subject to the exhaustion requirement. See Bargher v. White, 928 F.3d 439, 447-48 (5th Cir. 2019). Therefore, in the interest of judicial economy, the Court will also address the defendants' limitations defense, because if that defense also has merit, then dismissal *with prejudice* is appropriate.

The United States Fifth Circuit Court of Appeals has held:

> The statute of limitations for Section 1983 claims is "the forum state's personal-injury limitations period," which in Louisiana is one year. Jacobsen v. Osborne, 133 F.3d 315, 319 (5th Cir. 1998). "In applying the forum state's statute of

[9] Although plaintiff has alleged that he filed a grievance, that conclusory allegation does not alone suffice to defeat the defendants' properly supported motion for summary judgment. See Ryan v. Phillips, 558 F. App'x 477, 478 (5th Cir. 2014) ("[Plaintiff's] conclusory and unsubstantiated assertion that he initiated the applicable grievance procedure is insufficient to refute the lack of evidence that he filed any informal or formal grievances."); Baxley v. Cantu, Civ. Action No. 5:18cv114, 2020 WL 1263568, at *3 (E.D. Tex. Feb. 5, 2020), adopted, 2020 WL 1248486 (E.D. Tex. Mar. 16, 2020); see also Bishawi v. Northeast Ohio Correctional Center, No. 17-3319, 2018 WL 4705887, at *2 (6th Cir. June 28, 2018) ("In his verified complaint, see 28 U.S.C. § 1746, [plaintiff] claimed that he exhausted his administrative remedies. His assertion, however, was conclusory and therefore insufficient to create a genuine issue of material fact regarding whether he exhausted his administrative remedies.").

Moreover, in any event, plaintiff conceded that he filed no appeal of his purported grievance. See Rec. Doc. 3, p. 13. That, too, prevents relief. As noted, the Tangipahoa Parish Jail has a *two*-step grievance procedure. An inmate's administrative remedies are not exhausted unless he pursued his grievance through the *conclusion* of a multi-step administrative grievance procedure. Wright v. Hollingsworth, 260 F.3d 357, 358 (5th Cir. 2001); see also Hemphill v. Inglese, 359 Fed. App'x 537, 540 (5th Cir. 2010) ("[C]omplying with the first step of an administrative grievance procedure will not suffice to exhaust administrative remedies if the grievance procedure contemplates additional steps.").

[10] The Tangipahoa Parish Jail grievance procedure requires that an inmate's grievance be filed within thirty days of the incident on which it is based. See Rec. Docs. 25-1, p. 2, and 25-2, p. 2. Because the time period for filing a grievance concerning events which occurred in 2017 expired more than two years ago, any attempt by plaintiff to now file an administrative grievance based on those events would not satisfy the demands of § 1997e(a). See Woodford v. Ngo, 548 U.S. 81 (2006) (holding that a prisoner cannot satisfy the PLRA's exhaustion requirement by filing an untimely or otherwise procedurally defective administrative grievance).

> limitations, the federal court should also give effect to any applicable tolling provisions." Gartrell v. Gaylor, 981 F.2d 254, 257 (5th Cir. 1993). However, federal law governs when a Section 1983 claim accrues. Jacobsen, 133 F.3d at 319. This court has stated that "[u]nder federal law, a cause of action accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." Gartrell, 981 F.2d at 257. As a result, the limitations period begins "when the plaintiff is in possession of the 'critical facts that he has been hurt and who has inflicted the injury.'" Id. (quoting Lavellee v. Listi, 611 F.2d 1129, 1130 (5th Cir. 1980)).

Smith v. Regional Transit Authority, 827 F.3d 412, 421 (5th Cir. 2016). Accordingly, plaintiff's claims accrued when he was allegedly subjected to the unconstitutional conditions of confinement in November of 2017, and the statute of limitations required that he then file suit with respect to those claims within *one year*.

Because plaintiff's claims accrued in **2017** but he did not file his complaint until **2019**,[11] the claims were clearly prescribed at the time of filing *unless* the one-year statute of limitations was tolled. As noted, plaintiff argued that the limitations period was tolled in this case while he exhausted his administrative remedies.[12] The United States Fifth Circuit Court of Appeals has expressly held that, in a Louisiana case, the limitations period is in fact tolled while an inmate is exhausting mandatory administrative remedies:

> In Rodriguez v. Holmes, 963 F.2d 799 (5th Cir. 1992), a prisoner civil rights suit filed in Texas, this court held that the Texas statute of limitations was tolled while the plaintiff exhausted his available state administrative remedies. Louisiana law similarly recognizes required exhaustion of administrative remedies as a ground to toll prescription. The Louisiana Civil Code, Article 3492, establishes a one-year liberative prescription for civil actions sounding in tort. See LA. CIV. CODE ANN. art. 3492 (1994); cf. Elzy v. Roberson, 868 F.2d 793, 794 (5th Cir. 1989) (affirming an application of article 3492 to a section 1983 claim). "Prescription runs against all persons unless an exception is established by legislation." LA. CIV. CODE ANN art. 3467 (1994). Louisiana courts do not

[11] Because plaintiff is a *pro se* prisoner, his complaint is "deemed filed as of the date that he duly submitted it to prison authorities for forwarding to the clerk of court." Cooper v. Brookshire, 70 F.3d 377, 379 (5th Cir. 1995). Here, that date is not apparent from the record; however, it obviously was no earlier than the date on which he signed the complaint. See, e.g., Smith v. Tanner, Civ. Action No. 18-3719, 2018 WL 6204617, at *6 (E.D. La. Nov. 11, 2018), adopted, 2018 WL 6199974 (E.D. La. Nov. 27, 2018). Plaintiff signed his original deficient complaint on October 15, 2019, see Rec. Doc. 3-1, p. 11, and his corrected complaint on November 3, 2019, see Rec. Doc. 3, p. 17.

[12] See Rec. Doc. 14, p. 3.

> apply prescription against a party who is legally unable to act. See Burge [v. Parish of St. Tammany], 996 F.2d [786,] 788 (5th Cir. 1993) (citing Plaquemines Parish Comm'n Council v. Delta Dev. Co., 502 So.2d 1034, 1055-56 (La. 1987)). "This doctrine, probably founded on the principles of equity, justice, fairness, or even natural law suspends the running of prescription when the 'plaintiff was effectually prevented from enforcing his rights for reasons external to his own will.'" FDIC v. Caplan, 874 F. Supp. 741, 745 (W.D. La. 1995) (quoting Wimberly v. Gatch, 635 So.2d 206, 211 (La. 1994)). Once a plaintiff becomes legally capable of bringing an action to vindicate or enforce his rights, prescription resumes. See LA. CIV. CODE ANN. art. 3472 (1994).
>
> Louisiana courts recognize four distinct factual situations involving a legal inability to act which may toll prescription:
>
> > (1) when courts are legally closed; (2) when administrative or contractual restraints delay the plaintiff's action; (3) when the defendant prevents the plaintiff from bringing suit; and (4) when the plaintiff does not know nor reasonably should know of the cause of action.
>
> *In re* Medical Review Panel Proceeding Vaidyanathan, 719 So.2d 604, 607 (La. Ct. App. 1998); see also Burge, 996 F.2d at 788.
>
> [Plaintiff] could not file this federal civil rights suit until he exhausted the available state administrative remedies, as section 1997e requires. This exhaustion requirement functioned as a "legal cause which prevented the courts or their officers from taking cognizance of or acting on the plaintiff's action." Id. (prescription tolled during exhaustion of state habeas remedies); see also Whitley v. Hunt, 158 F.3d at 886. While [plaintiff] pursued his administrative remedies …, the prescriptive period was tolled.

Harris v. Hegmann, 198 F.3d 153, 158 (5th Cir. 1999) (footnote omitted).

However, that does not aid plaintiff in this case. Although the limitations period would have been tolled while he pursued his administrative remedies with respect to his claims, he did not file an administrative grievance concerning the inmates' treatment after they set the fire.

Because the limitations period here was not tolled by the filing of an administrative grievance concerning the claims asserted herein, and because plaintiff has identified no other reason that tolling would apply in this case, the undersigned finds that plaintiff's claims were

prescribed at the time the complaint was filed. Accordingly, they should be dismissed with prejudice on that basis.[13]

**RECOMMENDATION**

It is therefore **RECOMMENDED** that the defendants' motion be **GRANTED** and that plaintiff's claims be **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this 20th day of May, 2020.

Janis van Meerveld

**JANIS VAN MEERVELD**
**UNITED STATES MAGISTRATE JUDGE**

[13] Because dismissal is appropriate for the reasons explained herein, the Court need not – and does not – address the defendants' additional argument that plaintiff's allegations failed to state a constitutional violation.